We will hear from the appellant, Ms. Klopp. Whenever you're ready. Good morning, Your Honors, and may it please the court. I represent the appellant, Anthony Patrick. Reversal of the district court's order dismissing Mr. Patrick's Section 1983 Fourth Amendment claims for unlawful search and seizure and for unlawful pre-trial detention, as well as claims deemed derivative of those, is warranted for the following reasons. First, Mr. Patrick's claims asserting unlawful search and seizure of his home and property are not barred by collateral estoppel based on an earlier ruling made by Judge Andrea Wood in a separate proceeding. So can I pause on this for a minute? Because as I understand from the government's filing, they're conceding error that the search and seizure claims need further attention. And what I'd like to hear from you is, if that's correct, then what else among the derivative claims, whether it's conspiracy or state claim, what else goes along with that, if anything? Specifically as to the unlawful search and seizure claim, Your Honor? If the government is correct, I mean, we'll make our own independent determination of all of these things. But if it is correct that probable cause for the arrest isn't the same thing as the ability to go into somebody's house and do the search and seizure, and the further proceeding, however they make them out, further proceedings are necessary, is it just that count that goes back? Is there anything else that is related enough to that count that it should also receive further attention? Absolutely, Your Honor. There is a count for conspiracy for failure to intervene, one related to supervisor liability and an Illinois state claim for indemnification that would all relate back and also should be reversed. The dismissal of those should also be reversed. OK, now is the state claim for indemnification necessary? I thought that was just something that the city has a law in place that you don't need the claim. People frequently do raise this claim. There's no doubt about that. But I'm just wondering how necessary it is. That may be the case, Your Honor. If there is a claim for indemnification, then that should also be reversed, though. OK. And as Your Honor said, I was going to note that the defendants do concede in their brief that such claims were improperly dismissed. So I'll move on to my second point, which is Mr. Patrick's Fourth Amendment claims for unlawful pretrial detention were also improperly dismissed because they are not barred under Heck versus Humphreys. And also because this is a DeNova review, that they were sufficiently pleaded. The time that Mr. Patrick spent in pretrial detention, the time that is at issue in your claim, was that time credited towards his sentence eventually? It was, Your Honor. So there was one count that Mr. Patrick pleaded guilty to for aggravated discharge of a weapon. And as part of that, the time that he had spent, the five years that he had spent in pretrial detention, had been credited. And that was all of it, too? There was nothing left over that he did not receive credit for? That isn't clear, Your Honor. They did say five years. And I'm not sure if it was the exact amount to the date as to what was actually credited. There was the five years. But I'm not sure if it was exactly five years that he had spent in pretrial detention. The record does not reflect that. But the problem is, he did plead guilty to this.  to a lawful punishment for the offense to which he pleaded guilty. So it's hard for me to see how he can challenge the five years without running into heck. This conviction has never been set aside. It's never in any way gone through any of the processes that heck recognizes. So I don't see how he could proceed that way without a heck problem. Your Honor, it is not a heck. Heck isn't invoked because Mr. Patrick isn't contesting the validity of his conviction for discharge of a weapon. He's contesting the actions of the police officers that ended in additional 17 charges that were far more egregious than the charge for discharge of a weapon. But he's never convicted on those charges. I'm having trouble with that fact. And he is challenging de facto some or all of the sentence he received for the charge that he did plead to. I mean, he may not be happy that these other charges got tacked on, but they all go away, too. In part, Your Honor, there could be an issue with damages in terms of the time that he had spent in pretrial detention. But it's a lawful, but it's been translated into a lawful sentence, though. Nobody says this sentence exceeds a statutory maximum or in any other way is inappropriate. I understand Your Honor's point. I do want to state that regardless of that issue, this court doesn't have to determine whether that's the case as to the claim for unlawful pretrial detention that occurred post-arraignment because Mr. Patrick has also alleged a claim for not being properly given a prompt determination of probable cause. But what do you do about the document from the Cook County courts that the government has proffered to us showing that he, in fact, did get a prompt arraignment hearing within the 48 hours? Your Honor, there are some issues with that document. First, the court, we're here on a 12B6 motion to dismiss standard. And while the court may take judicial notice of certain documents or facts within public records, those facts have to not be up for reasonable dispute under the federal rules of evidence. What's your dispute? I'm looking at this document. Your Honor, if you look at the, I'm going to the record, Your Honor, to the certified statement of conviction, it says that there was a finding of probable cause. So Mr. Patrick was arrested on, I believe, June 15 of 2013. And the certified statement of conviction very clearly states that a finding of probable cause, a determination of probable cause, was not made until June 26. But then it also says on the 17th, well, on 6-21, there's a motion that things are happening in branch 48, room 2. And I'm distinguishing between the hearing and the determination. It's not unusual. I don't think Riverside says you have to have a final determination in 48 hours. You have to have your hearing. Judge, it does state that there was a hearing scheduled on the 17th. But it also states that on the 17th, and then again on the And special conditions of bail were ordered that day. He's demanded for a trial that day. Your Honor, all that goes to the reasonableness, regardless of whether a hearing was given in 48 hours. Even though that it is presumptively reasonable if a hearing occurs within 48 hours, Mr. Patrick has alleged that the time that between his arrest and the probable cause hearing was used to bolster evidence. Under McLaughlin and Furstein, the probable cause hearing is supposed to happen as soon as the administrative things are done after the arrest. And Mr. Patrick has properly alleged that that time was not used for the administrative issues that were used to bolster evidence to get additional claims against him. Counsel, would you like to reserve some time for rebuttal? Yes, Your Honor. Thank you. All right, we will now hear from the city of Chicago. Ms. Barnio. Yes. May it please the court. I'd like to focus on Mr. Patrick's unlawful pretrial detention claim. That claim was properly dismissed by the district court for two reasons. First, Mr. Patrick failed to state a claim that his probable cause hearing was untimely. And second, Mr. Patrick's claim that officers engaged in misconduct that led to amended, unwarranted charges against him is barred by HEC. As to the timing of Mr. Patrick's probable cause hearing, I'll speak briefly about the certified statement of conviction that we attached as an appendix to our brief. I'll also note that Mr. Patrick did not file a reply brief that objected in any way to that statement. So any issues about judicial notice, being able to take judicial notice, are waived. But it is a certified statement of conviction. And it indicates as follows. He was arrested on June 15, 2013. He was charged with two weapons offenses, unlawful use of a weapon by a felon, and aggravated battery with a firearm. And he received a probable cause hearing on those two offenses on June 17, 2013, which is two days after his arrest. Neither Mr. Patrick's complaint nor his brief acknowledges that this hearing occurred. And Mr. Patrick did not allege until today that the timing of that hearing was unreasonable. Can you tell me, looking at that same docket, the criminal matter case summary, there's two continuances requested, one on June 17 and June 21. There's two state motions for continuances. Yes. I cannot speak to the, unfortunately, I can't speak to the details of what transpired at that hearing. But the document does show that he had a probable cause hearing on June 17. What Mr. Patrick alleges in his complaint is that he did not receive a timely probable cause hearing, and that officers used those days to bolster the case against him to deprive him of a prompt probable cause hearing. But again, Mr. Patrick received his probable cause hearing on June 17. He has not denied that it occurred within two days. And he also does not allege that officers did not have probable cause to arrest and detain him. And he does not allege that officers committed any misconduct related to those first two charges that were the subject of that hearing that would have delayed his hearing. His theory is framed in his. So none of the later charges really impacted that initial determination of Bond. Right. That's our reading of his complaint, and also based on what Mr. Patrick stated in his response to our motion to dismiss below, that he's drawn a firm line. He's saying, first, officers filed these initial charges. And thereafter, he alleges that officers engaged in certain acts of misconduct that led to those amended charges that he says are unwarranted. But he has not raised a probable cause challenge or that there was an unreasonable delay as to those first initial charges. So he does not link the officer's alleged misconduct to the timing of the June 17 probable cause hearing. So for that reason, we don't believe that he stated a plausible claim that his probable cause hearing was unreasonably delayed. I'll turn now to Mr. Patrick's claim that the officer's alleged misconduct led to those amended charges. We believe that's barred by HECC because the allegations in the complaint are inconsistent with the offense to which he pled guilty, which was aggravated discharge of a firearm. Under HECC, Mr. Patrick cannot take any position in this case that implies that his conviction or sentence is invalid. But Mr. Patrick's allegations call his conviction into question, because if they're true, then he's not guilty of aggravated discharge of a firearm because he acted in self-defense. So some of the things that Mr. Patrick alleges is he lists the evidence that supported a self-defense theory that officers allegedly ignored, including bullet casings and holes that could not have come from Mr. Patrick, evidence that someone named Armand Freeman instigated the incident and shot at Mr. Patrick, and he also asserts that officers withheld exculpatory evidence. If all that is true, then Mr. Patrick did not commit the offense that he was convicted of. So for that reason, we believe the district court properly found that his claim is barred by HECC. Unless the court has questions, I'll rest on our brief. Thank you. Thank you. Ms. Clark, I'll give you a minute for rebuttal. Thank you, Your Honors. I'd like to make two points on rebuttal. The allegations in Mr. Patrick's complaint allege actions of the police officers from the time that he was arrested, not that they only occurred post-arraignment, that they started occurring from the time that they came into his home unlawfully, without a warrant, and that those actions continued between the time he was arrested to the time of the arraignment, and also post-arraignment, when there were misstatements made by police officers at certain hearings. So the actions of the police officers were ongoing, not that they started post-arraignment. The second point I'd like to touch on is the self-defense argument that the defendants are making. If you look at the case that's relied on by the appellees, the People v. O'Neill, it does state that self-defense is a proper affirmative defense to the crime of aggravated discharge of a firearm. But the case goes on to state, the court found that jury instructions were proper, that instructed if defendant committed the offense of aggravated discharge of a firearm, he could not rely on self-defense. And that was a proper jury instruction. The court also pointed out that the state had to prove three propositions, one of which was that the defendant was not justified in using the force which he used. So just because there might have been assertions that there was self-defense does not mean that there cannot be a proper conviction for aggravated discharge of a weapon. Thank you. Thank you, Your Honor. The case will be taken under advisement.